FILED

2003 NOV 13 P 2: 46

<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u> HARTFORD CT

| | | |
|---|---|---|
| DANBURY INSURANCE COMPANY | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:02cv2097(RNC) |
| | : | |
| VS. | : | |
| | : | |
| JASON GINNETTI | : | |
| Defendant | : | NOVEMBER 11, 2003 |

<u>REPLY BRIEF FILED IN RESPONSE TO DEFENDANT'S</u>
<u>OBJECTION TO MOTION FOR SUMMARY JUDGMENT</u>
<u>DATED NOVEMBER 5, 2003</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 9(g) of the Local Rules of Civil Procedure; as amended; the undersigned submits this reply brief within the time allowed by the Rules and as computed under Rule 6 of the Federal Rules of Civil Procedure, as amended.

The undersigned first notes that the failure of the defendant to controvert the Local Rule 9(c)(1) Statement filed on September 8, 2003 shall act as an admission of said statements. Further, no separate section was filed by the defendant listing the issues of material fact as to which it was contended there existed a genuine material issue to be

DEL SOLE & DEL SOLE, LLP • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

tried with the appropriate citation to either affidavits of witnesses competent to testify to those facts or evidence that would otherwise be admissible at trial as required by Rule 9(c)(2) and (3) of the Local Rules of Civil Procedure, as amended.

The purpose of a Rule 9(c)(2) Statement is to make affirmative statements, which will aid and inform the Court. Pinto v. Texas Instruments, 72 F. Supp. 2d 9, 11 (1999). By filing no statement of genuine issues in dispute, the defendant JASON GINNETTI has failed to comply with Local Rule 9(c)(2). Accordingly, only the facts set forth in the plaintiff's Rule 9(c)(1) Statement should be deemed admitted by the defendant for purposes of the decision on this Motion. See also Dusanenko v. Maloney, 726 F. 2d 82, 84 (2d Cir. 1984)(no filing in compliance with local rule; grant of summary judgment).

However, as this Honorable Court has the absolute discretion pursuant to the inherent powers of judicial equity; the undersigned will address the two issues raised by the

defendant not addressed in the undersigned's original motion for summary judgment and related documents.

The defendant raises without admissible documentary support the bald face assertion in Sections B and C of the opposition brief that an agency questions exists sufficient to defeat summary judgment in this case. It is respectfully submitted that no agency relationship existed between the undersigned plaintiff and CPM Insurance Company of Cheshire AKA CPM Insurance Services, Inc. (now hereinafter referred to as CPM Insurance) sufficient to distinguish the legal support raised in support of the recission in this matter and to avoid the affirmative duty the defendant had to read the application prior to signing it.

The undersigned party submits a Second Local Rule 9(c)(1) Statement demonstrating that said insurance agency did not have the authority to bind the undersigned plaintiff and instead could merely accept applications and collect premiums. In addition said Statement demonstrates that said insurance agency was entirely responsible for all its own operating costs

without contribution from the undersigned plaintiff as well as lastly, that said agency in addition to the undersigned also accepted applications for homeowner's insurance with seven (7) other unaffiliated insurance companies (Paragraphs 1, 2 and 3 of Second Local Rule 9(c)(1) Statement).

The facts established in the Second Local Rule 9(c)(1) Statement demonstrate as opposed to an agent of the undersigned plaintiff, CPM Insurance, was in fact acting as a broker as opposed to an agent.  See generally <u>Lewis v. Michigan Mutual Ins. Co.</u>, 154 Conn. 660 (1967); and accordingly any alleged knowledge of said insurance agency would not be imputed to the undersigned plaintiff.

The defendant who did not seek to add this insurance agency as a party to this litigation may possess a monetary civil action against that agency but said issues do not reduce the affirmative duty the defendant possessed to read the insurance application prior to signing and having such submitted for consideration as it relates to the undersigned plaintiff.

Lastly, the defendant raises the spectra of ambiguity in the language utilized in the insurance application to avoid recission in Section E of the Opposition Brief. The undersigned respectfully notes that as the defendant has maintained he did not read the application for insurance prior to signing such, such claim has no effect. In addition, the defendant does not affirmatively raise in his affidavit labeled Exhibit "B" of his opposition brief that he was mislead or in any way detrimentally relied upon this claimed ambiguity.

More importantly, it is submitted the language utilized in said application is clear and unambiguous in any event. Courts will not torture words of a policy to import ambiguity where the ordinary meaning leaves no room for ambiguity and would not become ambiguous simply because lawyers or laymen contend for different meanings. e.g. <u>Marcolini v. Allstate Insurance Co.</u>, 160 Conn. 280 (1971); <u>Hammer v. Lumberman's Mut. Case Co.</u>, 214 Conn. 573 (1990). Further, it is the function of Courts to construe provisions of contracts and where no material facts are at issue may decide such cases by motion for summary

judgment.  e.g. <u>Peerless Ins. Co. v. Disla</u>, 999 F. Supp. 261 (D. Conn. 1998).

A review of Webster's Ninth New Collegiate Dictionary defines "animal" in part as "any of a kingdom (Animalia) of living beings typically differing from plants in capacity for spontaneous movement and rapid motor response to stimulation" and also defines "or" as "used as a function word to indicate an alternative".  Accordingly, a more reasonable reading of the question would be that "exotic pets" was an alternative to "animals".  As a factual example of such, "exotic pets" could include carnivorous plants such as pilcher plants, Venus's flytraps, sundews, bladderworts, etc.  In any event insurance contract law requires every provision of an insurance contract to be given effect, if possible, and no word eliminated as meaningless or disregarded as inoperative e.g. <u>A. M. Larson Co. v. Lawlor Ins. Agency</u>, 153 Conn. 618 (1966); and thus the more consistent and logical reading of this provision would be that "exotic pets", are in addition to, as opposed to limiting the broad term of "animals" used in this universally accepted and

utilized insurance application form and could not lead to the tortured interpretation and ambiguity claim by the defendant.

WHEREFORE, all of the aforesaid reasons and those raised in the undersigned's party's motion for summary judgment and supporting documents, the recission of the policy of insurance should be ordered.

    RESPECTFULLY SUBMITTED ON BEHALF OF
THE PLAINTIFF,
DANBURY INSURANCE COMPANY

BY_____
RENE GERARD MARTINEAU
DEL SOLE & DEL SOLE, L.L.P.
46 SOUTH WHITTLESEY AVENUE
WALLINGFORD, CT 06492
(203) 264-8000
FEDERAL BAR NO. ct07680

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed postage prepaid on this date to the following:

Charles B. Angelo
Antollini, Angelo & Scalesse
500 East Main Street
Branford, CT 06405

_____
Rene Gerard Martineau