FILED

2003 NOV 13 P 2:46

US DISTRICT COURT
HARTFORD CT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DANBURY INSURANCE COMPANY | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:02cv 2097 (RNC) |
| | : | |
| VS. | : | |
| | : | |
| JASON GINNETTI | : | |
| Defendant | : | NOVEMBER 11, 2003 |

**SECOND LOCAL RULE 9(C)(1) STATEMENT**

Pursuant to Local Rule of Civil Procedure 9(C)(1); the undersigned hereby submits that the following material facts are not in dispute for purposes of its Motion for Summary Judgment dated September 8, 2003 or the reply to the defendant's Objection filed simultaneously herewith.

1.  CMP Insurance Company of Cheshire also known as CPM Insurance Services, Inc. (hereinafter referred to CPM Insurance) only had the authority to receive and accept proposals for insurance and to collect, receive and receipt premiums on insurance for the undersigned plaintiff, and did not have the authority to bind the undersigned plaintiff to issue insurance policies. (See Paragraph One (1) of Agreements

that were referred to and appended to Affidavit labeled Exhibit "A").

2.  The undersigned plaintiff was not responsible for any of CPM Insurance's expenses such as rental, transportation, facilities, clerk hire, solicitor's fees, postage, advertising, exchange, personal and local license fees, or any other agency expenses whatsoever. (See Paragraph Four (4) of Agreements that were referred to and appended to Affidavit labeled Exhibit "A").

3.  At the time of signing the application for insurance at issue; CPM Insurance was authorized to submit applications for homeowner's insurance with seven (7) insurance companies in addition to the undersigned plaintiff. (See Paragraph Four (4) of the Affidavit labeled Exhibit "A").

```
RESPECTFULLY SUBMITTED ON BEHALF OF
THE PLAINTIFF,
DANBURY INSURANCE COMPANY


BY_____
   RENE GERARD MARTINEAU
   DEL SOLE & DEL SOLE, L.L.P.
   46 SOUTH WHITTLESEY AVENUE
   WALLINGFORD, CT 06492
   (203) 284-8000
   FEDERAL BAR NO. ct07680
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANBURY INSURANCE COMPANY | : | CASE NUMBER |
| Plaintiff | : | NO. 302CV2097(RNC) |
| | : | |
| VS. | : | |
| | : | |
| JASON GINNETTI | : | |
| Defendant | : | August 27, 2003 |

## AFFIDAVIT

STATE OF CONNECTICUT    }
                                              } SS: Cheshire
COUNTY OF NEW HAVEN  }

I, Ann Pomarico, being duly sworn, deposes and says:

1.    I am over the age of twenty-one (21) and not a party to the above action;

2.    I am employed by CPM Insurance Company of Cheshire aka CPM Insurance Services, Inc. and have personal knowledge of the facts attested herein;

3.    In compliance with a subpoena duces tecum served upon CPM Insurance Company of Cheshire aka CPM Insurance Services, Inc. in the above action I produced the following:

Page 1 of 2

AP

EXHIBIT "A"

    a. The entire underwriting file maintained by CPM Insurance Company of Cheshire aka CPM Insurance Services, Inc. for Jason Ginnetti relative to the procurement of a homeowner's policy for his home located at 715 Durham Road, Madison, Connecticut 06443 consisting of Bates Nos. CPM-U00001 – CPM-U00039;

    b.    The agency agreement between Danbury Insurance Company and CPM Insurance Company of Cheshire aka CPM Insurance Services, Inc. consisting of Bates Nos. CPM-A00001 – CPM-A00010.

    4.    In May of 2001, CPM Insurance Company of Cheshire aka CPM Insurance Services, Inc. was authorized to submit applications for homeowner's insurance with approximately <u>seven</u> (7) insurance companies in addition to Danbury Insurance Company depending on the request of the insured.

_____<br>ANN POMARICO

Sworn and subscribed to before me this 27th day of August 2003.

                              _____
                              Commissioner of the Superior Court
                              Notary Public Comm. Expires 4/30/07

Page 2 of 2                                                                                                 AP

## AGENCY AGREEMENT

### DANBURY INSURANCE COMPANY

THIS AGREEMENT, made this 5th day of December 1994 A. D. by and between C.P.M. Insurance Agency, Inc. in the county of New Haven and State of Connecticut hereinafter designated as "Agent", and Danbury Insurance Company, a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts and having its principal office in the Town of Hingham and State of Massachusetts, hereinafter designated as "Company":

WITNESSETH THAT:

Pursuant to request that the underwriting facilities of the company be made available to the undersigned, as Agent, the Company hereby grants authority to Agent to receive and accept proposals for such contracts of insurance covering risks on properties located in Cheshire and vicinity as the Company has authority lawfully to make; subject, however, to restrictions placed upon such Agent by the laws of the state or states in which such Agent is authorized to write insurance business and to the terms and conditions hereinafter set out.

IT IS HEREBY AGREED between the Company and Agent as follows:

1. Agent has full power and authority to receive and accept proposals for insurance covering such classes of risks as the Company may, from time to time, authorize to be insured; to collect, receive and receipt for premiums on insurance tendered by the Agent to and accepted by the Company and to retain out of premiums so collected, as full compensation on business so placed with the Company, commissions under such terms and limitations as may be mutually agreed upon.

2. In the event of termination of this Agreement, the Agent having promptly accounted for and paid over premiums for which he may be liable, the Agent's records, use and control of expiration shall remain the property of the Agent and be left in his undisputed possession.
It is a condition of this agreement that prior, but not subsequent to the termination hereof, the Agent shall refund ratably to the Company, on business heretofore or hereinafter written, commissions on cancelled liability and reductions in premiums at the same rate at which such commissions were originally retained.

3. Accounts of money due the Company on the business placed by the Agent with the Company are to be rendered monthly and shall be paid not later than sixty (60) days after the end of the month for which the account is rendered.

4. Company shall not be responsible for Agency expenses such as rentals, transportation facilities, clerk hire, solicitor's fees, postage, advertising, exchange, personal local license fees, or any other Agency expenses whatsoever.

5. Any policy forms, maps, map corrections and other like Company supplies furnished to the Agent by the Company shall always remain the property of the Company and shall be returned to the Company or its representative promptly upon demand.

6. This Agreement supersedes all previous agreements, whether oral or written, between the Company and Agent and may be terminated by either party at any time upon written notice to the other.

IN WITNESS WHEREOF the Company has caused its corporate name to be subscribed hereto and the Agent has set our hand and seal on the day and year first above written.

HINGHAM MUTUAL FIRE INSURANCE COMPANY

_____
President

ATTEST: _____
Secretary

_____
(Agent)

EXHIBIT "A"       CPM-A00001

## AGENCY AGREEMENT

## HINGHAM MUTUAL FIRE INSURANCE COMPANY

THIS AGREEMENT, made this 5th day of December 1994 A. D. by and between C.P.M. Insurance Agency Inc. in the county of New Haven and State of Connecticut hereinafter designated as "Agent", and Hingham Mutual Fire Insurance Company, a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts and having its principal office in the Town of Hingham and State of Massachusetts, hereinafter designated as "Company":

WITNESSETH THAT:

Pursuant to request that the underwriting facilities of the company be made available to the undersigned, as Agent, the Company hereby grants authority to Agent to receive and accept proposals for such contracts of insurance covering risks on properties located in Cheshire and vicinity as the Company has authority lawfully to make; subject, however, to restrictions placed upon such Agent by the laws of the state or states in which such Agent is authorized to write insurance business and to the terms and conditions hereinafter set out.

IT IS HEREBY AGREED between the Company and Agent as follows:

1. Agent has full power and authority to receive and accept proposals for insurance covering such classes of risks as the Company may, from time to time, authorize to be insured; to collect, receive and receipt for premiums on insurance tendered by the Agent to and accepted by the Company and to retain out of premiums so collected, as full compensation on business so placed with the Company, commissions under such terms and limitations as may be mutually agreed upon.

2. In the event of termination of this Agreement, the Agent having promptly accounted for and paid over premiums for which he may be liable, the Agent's records, use and control of expiration shall remain the property of the Agent and be left in his undisputed possession.

It is a condition of this agreement that prior, but not subsequent to the termination hereof, the Agent shall refund ratably to the Company, on business heretofore or hereinafter written, commissions on cancelled liability and on reductions in premiums at the same rate at which such commissions were originally retained.

3. Accounts of money due the Company on the business placed by the Agent with the Company are to be rendered monthly and shall be paid not later than sixty (60) days after the end of the month for which the account is rendered.

4. Company shall not be responsible for Agency expenses such as rentals, transportation facilities, clerk hire, solicitor's fees, postage, advertising, exchange, personal local license fees, or any other Agency expenses whatsoever.

5. Any policy forms, maps, map corrections and other like Company supplies furnished to the Agent by the Company shall always remain the property of the Company and shall be returned to the Company or its representative promptly upon demand.

6. This Agreement supersedes all previous agreements, whether oral or written, between the Company and Agent and may be terminated by either party at any time upon written notice to the other.

IN WITNESS WHEREOF the Company has caused its corporate name to be subscribed hereto and the Agent has set our hand and seal on the day and year first above written.

HINGHAM MUTUAL FIRE INSURANCE COMPANY

_____
President

ATTEST: _____
Secretary

_____
(Agent)

ATTEST: _____

CPM-A00002

EXHIBIT "A"

# AGENCY AGREEMENT

## HINGHAM MUTUAL FIRE INSURANCE COMPANY

THIS AGREEMENT, made this 5th day of December 1994 A. D. by and between C.P.M. Insurance Agency Inc. in the county of New Haven and State of Connecticut hereinafter designated as "Agent", and Hingham Mutual Fire Insurance Company, a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts and having its principal office in the Town of Hingham and State of Massachusetts, hereinafter designated as "Company":

WITNESSETH THAT:

Pursuant to request that the underwriting facilities of the company be made available to the undersigned, as Agent, the Company hereby grants authority to Agent to receive and accept proposals for such contracts of insurance covering risks on properties located in Cheshire and vicinity as the Company has authority lawfully to make; subject, however, to restrictions placed upon such Agent by the laws of the state or states in which such Agent is authorized to write insurance business and to the terms and conditions hereinafter set out.

IT IS HEREBY AGREED between the Company and Agent as follows:

1. Agent has full power and authority to receive and accept proposals for insurance covering such classes of risks as the Company may, from time to time, authorize to be insured; to collect, receive and receipt for premiums on insurance tendered by the Agent to and accepted by the Company and to retain out of premiums so collected, as full compensation on business so placed with the Company, commissions under such terms and limitations as may be mutually agreed upon.

2. In the event of termination of this Agreement, the Agent having promptly accounted for and paid over premiums for which he may be liable, the Agent's records, use and control of expiration shall remain the property of the Agent and be left in his undisputed possession.

It is a condition of this agreement that prior, but not subsequent to the termination hereof, the Agent shall refund ratably to the Company, on business heretofore or hereinafter written, commissions on cancelled liability and on reductions in premiums at the same rate at which such commissions were originally retained.

3. Accounts of money due the Company on the business placed by the Agent with the Company are to be rendered monthly and shall be paid not later than sixty (60) days after the end of the month for which the account is rendered.

4. Company shall not be responsible for Agency expenses such as rentals, transportation facilities, clerk hire, solicitor's fees, postage, advertising, exchange, personal local license fees, or any other Agency expenses whatsoever.

5. Any policy forms, maps, map corrections and other like Company supplies furnished to the Agent by the Company shall always remain the property of the Company and shall be returned to the Company or its representative promptly upon demand.

6. This Agreement supersedes all previous agreements, whether oral or written, between the Company and Agent and may be terminated by either party at any time upon written notice to the other.

IN WITNESS WHEREOF the Company has caused its corporate name to be subscribed hereto and the Agent has set our hand and seal on the day and year first above written.

HINGHAM MUTUAL FIRE INSURANCE COMPANY

_____
President

ATTEST: _____
Secretary

_____
(Agent)

ATTEST:_____

CPM-A00003

EXHIBIT "A"

# AGENCY AGREEMENT

## HINGHAM MUTUAL FIRE INSURANCE COMPANY

THIS AGREEMENT, made this 5th day of December 1994 A. D. by and between C.P.M. Insurance Agency Inc. in the county of New Haven and State of Connecticut hereinafter designated as "Agent", and Hingham Mutual Fire Insurance Company, a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts and having its principal office in the Town of Hingham and State of Massachusetts, hereinafter designated as "Company":

WITNESSETH THAT:

Pursuant to request that the underwriting facilities of the company be made available to the undersigned, as Agent, the Company hereby grants authority to Agent to receive and accept proposals for such contracts of insurance covering risks on properties located in Cheshire and vicinity as the Company has authority lawfully to make; subject, however, to restrictions placed upon such Agent by the laws of the state or states in which such Agent is authorized to write insurance business and to the terms and conditions hereinafter set out.

IT IS HEREBY AGREED between the Company and Agent as follows:

1. Agent has full power and authority to receive and accept proposals for insurance covering such classes of risks as the Company may, from time to time, authorize to be insured; to collect, receive and receipt for premiums on insurance tendered by the Agent to and accepted by the Company and to retain out of premiums so collected, as full compensation on business so placed with the Company, commissions under such terms and limitations as may be mutually agreed upon.

2. In the event of termination of this Agreement, the Agent having promptly accounted for and paid over premiums for which he may be liable, the Agent's records, use and control of expiration shall remain the property of the Agent and be left in his undisputed possession.
   It is a condition of this agreement that prior, but not subsequent to the termination hereof, the Agent shall refund ratably to the Company, on business heretofore or hereinafter written, commissions on cancelled liability and on reductions in premiums at the same rate at which such commissions were originally retained.

3. Accounts of money due the Company on the business placed by the Agent with the Company are to be rendered monthly and shall be paid not later than sixty (60) days after the end of the month for which the account is rendered.

4. Company shall not be responsible for Agency expenses such as rentals, transportation facilities, clerk hire, solicitor's fees, postage, advertising, exchange, personal local license fees, or any other Agency expenses whatsoever.

5. Any policy forms, maps, map corrections and other like Company supplies furnished to the Agent by the Company shall always remain the property of the Company and shall be returned to the Company or its representative promptly upon demand.

6. This Agreement supersedes all previous agreements, whether oral or written, between the Company and Agent and may be terminated by either party at any time upon written notice to the other.

IN WITNESS WHEREOF the Company has caused its corporate name to be subscribed hereto and the Agent has set our hand and seal on the day and year first above written.

HINGHAM MUTUAL FIRE INSURANCE COMPANY

_____
President

ATTEST: _____
Secretary

_____
(Agent)

ATTEST: _____

EXHIBIT "A"    CPM-A00004

# AGENCY AGREEMENT

## DANBURY INSURANCE COMPANY

THIS AGREEMENT, made this 5th day of December 1994 A. D. by and between C.P.M. Insurance Agency, Inc. in the county of New Haven and State of Connecticut hereinafter designated as "Agent", and Danbury Insurance Company, a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts and having its principal office in the Town of Hingham and State of Massachusetts, hereinafter designated as "Company":

WITNESSETH THAT:

Pursuant to request that the underwriting facilities of the company be made available to the undersigned, as Agent, the Company hereby grants authority to Agent to receive and accept proposals for such contracts of insurance covering risks on properties located in Cheshire and vicinity as the Company has authority lawfully to make; subject, however, to restrictions placed upon such Agent by the laws of the state or states in which such Agent is authorized to write insurance business and to the terms and conditions hereinafter set out.

IT IS HEREBY AGREED between the Company and Agent as follows:

1. Agent has full power and authority to receive and accept proposals for insurance covering such classes of risks as the Company may, from time to time, authorize to be insured; to collect, receive and receipt for premiums on insurance tendered by the Agent to and accepted by the Company and to retain out of premiums so collected, as full compensation on business so placed with the Company, commissions under such terms and limitations as may be mutually agreed upon.

2. In the event of termination of this Agreement, the Agent having promptly accounted for and paid over premiums for which he may be liable, the Agent's records, use and control of expiration shall remain the property of the Agent and be left in his undisputed possession.
It is a condition of this agreement that prior, but not subsequent to the termination hereof, the Agent shall refund ratably to the Company, on business heretofore or hereinafter written, commissions on cancelled liability and on reductions in premiums at the same rate at which such commissions were originally retained.

3. Accounts of money due the Company on the business placed by the Agent with the Company are to be rendered monthly and shall be paid not later than sixty (60) days after the end of the month for which the account is rendered.

4. Company shall not be responsible for Agency expenses such as rentals, transportation facilities, clerk hire, solicitor's fees, postage, advertising, exchange, personal local license fees, or any other Agency expenses whatsoever.

5. Any policy forms, maps, map corrections and other like Company supplies furnished to the Agent by the Company shall always remain the property of the Company and shall be returned to the Company or its representative promptly upon demand.

6. This Agreement supersedes all previous agreements, whether oral or written, between the Company and Agent and may be terminated by either party at any time upon written notice to the other.

IN WITNESS WHEREOF the Company has caused its corporate name to be subscribed hereto and the Agent has set our hand and seal on the day and year first above written.

HINGHAM MUTUAL FIRE INSURANCE COMPANY

_____
President

ATTEST: _____
Secretary

_____
(Agent)

CPM-A00005

EXHIBIT "A"

# AGENCY AGREEMENT

## DANBURY INSURANCE COMPANY

THIS AGREEMENT, made this 5th day of December 1994 A. D. by and between C.P.M. Insurance Agency, Inc. in the county of New Haven and State of Connecticut hereinafter designated as "Agent", and Danbury Insurance Company, a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts and having its principal office in the Town of Hingham and State of Massachusetts, hereinafter designated as "Company":

WITNESSETH THAT:

Pursuant to request that the underwriting facilities of the company be made available to the undersigned, as Agent, the Company hereby grants authority to Agent to receive and accept proposals for such contracts of insurance covering risks on properties located in Cheshire and vicinity as the Company has authority lawfully to make; subject, however, to restrictions placed upon such Agent by the laws of the state or states in which such Agent is authorized to write insurance business and to the terms and conditions hereinafter set out.

IT IS HEREBY AGREED between the Company and Agent as follows:

1. Agent has full power and authority to receive and accept proposals for insurance covering such classes of risks as the Company may, from time to time, authorize to be insured; to collect, receive and receipt for premiums on insurance tendered by the Agent to and accepted by the Company and to retain out of premiums so collected, as full compensation on business so placed with the Company, commissions under such terms and limitations as may be mutually agreed upon.

2. In the event of termination of this Agreement, the Agent having promptly accounted for and paid over premiums for which he may be liable, the Agent's records, use and control of expiration shall remain the property of the Agent and be left in his undisputed possession.
It is a condition of this agreement that prior, but not subsequent to the termination hereof, the Agent shall refund ratably to the Company, on business heretofore or hereinafter written, commissions on cancelled liability and on reductions in premiums at the same rate at which such commissions were originally retained.

3. Accounts of money due the Company on the business placed by the Agent with the Company are to be rendered monthly and shall be paid not later than sixty (60) days after the end of the month for which the account is rendered.

4. Company shall not be responsible for Agency expenses such as rentals, transportation facilities, clerk hire, solicitor's fees, postage, advertising, exchange, personal local license fees, or any other Agency expenses whatsoever.

5. Any policy forms, maps, map corrections and other like Company supplies furnished to the Agent by the Company shall always remain the property of the Company and shall be returned to the Company or its representative promptly upon demand.

6. This Agreement supersedes all previous agreements, whether oral or written, between the Company and Agent and may be terminated by either party at any time upon written notice to the other.

IN WITNESS WHEREOF the Company has caused its corporate name to be subscribed hereto and the Agent has set our hand and seal on the day and year first above written.

HINGHAM MUTUAL FIRE INSURANCE COMPANY

_____
President

ATTEST: _____
Secretary

_____
(Agent)

CPM-A00006

EXHIBIT "A"



INCORPORATED 1850

## Supplement to Agency Agreement
### Contingent Commission Agreement

The Danbury Insurance Company ( the company ) shall pay an additional commission to C.P.M. Insurance Agency of Cheshire ( the agency ) based on the written premium volume and the paid losses and loss adjusting expense for the previous three years. The formula for determining the additional commission shall be as follows; the sum of the written premium for the immediate past three years , less the paid losses and paid adjusting expenses, less any paid dividends, less the paid commissions, and less a percentage of written premium for Home Office expense. The remainder , if a positive number, shall be divided by three and then multiplied by a percentage based on the agency volume of the past year. The volume requirements and profit percentages shall be determined from time to time by the Home Office.

If at any time during the past calander year the agent was deliquent ( beyond 60 days ) in remitting agency collected premiums to the Home Office the above agreement shall not apply. If the premium volume shall decline for two years or more this agreement shall be void. If the agency contract is terminated by either party or by mutual agreement this contract shall cease to be applicable. Any of the above terms and conditions can be waived or modified by the Company, without notice.

_____
Danbury Insurance Company

_____
C.P.M. Insurance Agency

CPM-A00007

DANBURY INSURANCE COMPANY
230 BEAL STREET • HINGHAM, MASSACHUSETTS 02043-1554
617-740-2678  FAX: 617-749-4477

EXHIBIT "A"



# Supplement to Agency Agreement
## Contingent Commission Agreement

The Hingham Mutual Fire Insurance Company (the company) shall pay an additional commission to CPM Insurance Services Inc. of Cheshire (the agency) based on the written premium volume and the paid losses and loss adjusting expense for the previous three years. The formula for determining the additional commission shall be as follows; the sum of the written premium for the immediate past three years, less the paid losses and paid adjusting expenses, less any paid dividends, less the paid commissions, and less a percentage of written premium for Home Office expense. The remainder, if a positive number, shall be divided by three and then multiplied by a percentage based on the agency volume of the past year. The volume requirements and profit percentages shall be determined from time to time by the Home Office.

If at any time during the past calendar year the agent was delinquent (beyond 60 days) in remitting agency collected premiums to the Home Office the above agreement shall not apply. If the premium volume shall decline for two years or more this agreement shall be void. If the agency contract is terminated by either party or by mutual agreement this contract shall cease to be applicable. Any of the above terms and conditions can be waived or modified by the Company, without notice.

_____
Hingham Mutual Fire Insurance Co.

_____
CPM Insurance Services Inc.

3/2/92

CPM-A00008

Incorporated 1826
230 Beal Street, Hingham, Massachusetts 02043 (617) 749-0841
New England WATS (800) 241-2299

EXHIBIT "A"



INCORPORATED 1850

## Supplement to Agency Agreement
### Contingent Commission Agreement

    The Danbury Insurance Company ( the company ) shall pay an additional commission to C.P.M. Insurance Agency of Cheshire ( the agency ) based on the written premium volume and the paid losses and loss adjusting expense for the previous three years. The formula for determining the additional commission shall be as follows; the sum of the written premium for the immediate past three years , less the paid losses and paid adjusting expenses, less any paid dividends, less the paid commissions, and less a percentage of written premium for Home Office expense. The remainder , if a positive number, shall be divided by three and then multiplied by a percentage based on the agency volume of the past year. The volume requirements and profit percentages shall be determined from time to time by the Home Office.

    If at any time during the past calander year the agent was deliquent ( beyond 60 days ) in remitting agency collected premiums to the Home Office the above agreement shall not apply. If the premium volume shall decline for two years or more this agreement shall be void. If the agency contract is terminated by either party or by mutual agreement this contract shall cease to be applicable. Any of the above terms and conditions can be waived or modified by the Company, without notice.

 

_____
Danbury Insurance Company

 

_____
C.P.M. Insurance Agency

CPM-A00009

DANBURY INSURANCE COMPANY
230 BEAL STREET • HINGHAM, MASSACHUSETTS 02043-1554
617-740-2678  FAX: 617-749-4477

EXHIBIT "A"



INCORPORATED 1850

## Supplement to Agency Agreement
### Contingent Commission Agreement

    The Danbury Insurance Company ( the company ) shall pay an additional commission to C.P.M. Insurance Agency of Cheshire ( the agency ) based on the written premium volume and the paid losses and loss adjusting expense for the previous three years. The formula for determining the additional commission shall be as follows; the sum of the written premium for the immediate past three years , less the paid losses and paid adjusting expenses, less any paid dividends, less the paid commissions, and less a percentage of written premium for Home Office expense. The remainder , if a positive number, shall be divided by three and then multiplied by a percentage based on the agency volume of the past year. The volume requirements and profit percentages shall be determined from time to time by the Home Office.

    If at any time during the past calander year the agent was deliquent ( beyond 60 days ) in remitting agency collected premiums to the Home Office the above agreement shall not apply. If the premium volume shall decline for two years or more this agreement shall be void. If the agency contract is terminated by either party or by mutual agreement this contract shall cease to be applicable. Any of the above terms and conditions can be waived or modified by the Company, without notice.

_____
Danbury Insurance Company

_____
C.P.M. Insurance Agency

CPM-A00010

DANBURY INSURANCE COMPANY
230 BEAL STREET • HINGHAM, MASSACHUSETTS 02043-1554
617-740-2678  FAX: 617-749-4477

EXHIBIT "A"

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed postage prepaid on this date to the following:

Charles B. Angelo
Antollino, Angelo & Scalesse
500 East Main Street
Branford, CT 06405

                                               Rene Gerard Martineau