FILED

2003 NOV 13 P 2:46

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANBURY INSURANCE COMPANY | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:02cv2097(RNC) |
| VS. | : | |
| JASON GINNETTI | : | |
| Defendant | : | NOVEMBER 11, 2003 |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
MOTIONS TO AMEND ORDER REGARDING CASE MANAGEMENT PLAN
AND COMPLAINT DATED SEPTEMBER 3, 2003**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Rule 9(b) of the Local Rules of Civil Procedures and this Honorable Court's inherent discretion; the undersigned submits this supplemental memorandum of law in support of the motion to amend both the Case Management Plan as to pleadings and the motion to amend the complaint.

The Honorable Robert N. Chatigny, U.S.D.J.'s Order Regarding Case Management Plan issued on February 24, 2003 limited the time to amend pleadings. The undersigned, in preparation of its motion for summary judgment that was filed on September 8, 2003, when reviewing the discovery that had

been accomplished in pursuit of that motion realized certain scrivener's errors and modification to the factual allegations was necessary for the pleadings to conform to the proof presented in the motion for summary judgment. No new legal theories were advanced in the proposed amended complaint.

The defendant did not nor has objected to either the motion to amend the Case Management Plan or the motion to amend the complaint that was filed on September 3, 2003. In fact, the defendant himself with the consent of the undersigned plaintiff sought an amendment of the Case Management Plan, which was granted by this Honorable Court on September 23, 2003.

The purpose of Rule 15 is to provide for a full and fair hearing on the merits of a case. The rule in the Second Circuit is to freely allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith. <u>Block v. First Blood Associates</u>, 988 F. 2d 344, 350 (2d Cir. 1993); <u>State Teachers Retirement Board vs. Fluor Corp.</u>, 654 F. 2d 843, 856 (2d Cir. 1981). As the defendant has not

objected to this amendment no prejudice exists. In addition, the undersigned only noticed the necessity of the amendment upon conclusion of discovery and in preparation of its motion for summary judgment. The amendment which seeks only to add or modify factual allegations and does not seek to add or alter the legal theories at issue and therefore will not result in any delay in these proceedings.

WHEREFORE, all of the aforesaid reasons, the undersigned moves that the motion to amend the Case Management Plan and motion to amend the complaint both dated September 3, 2003 be granted.

                           RESPECTFULLY SUBMITTED ON BEHALF OF
                           THE PLAINTIFF,
                           DANBURY INSURANCE COMPANY

                           BY_____
                           RENE GERARD MARTINEAU
                           DEL SOLE & DEL SOLE, L.L.P.
                           46 SOUTH WHITTLESEY AVENUE
                           WALLINGFORD, CT 06492
                           (203) 284-8000
                           FEDERAL BAR NO. ct07680

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed postage prepaid on this date to the following:

Charles B. Angelo
Antollino, Angelo & Scalesse
500 East Main Street
Branford, CT 06405

_____
Rene Gerard Martineau

DEL SOLE & DEL SOLE, LLP • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500