UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 SEP -8  P 2: 00

U.S. DISTRICT COURT

DANBURY INSURANCE COMPANY,      :
    Plaintiff,               :
                              :
V.                                :   CASE NO. 3:02CV2097(RNC)
                              :
JASON GINNETTI,                   :
    Defendant.                :

RULING AND ORDER

This case involves a dispute about whether a homeowner's insurance policy issued by plaintiff Danbury Insurance Company to defendant Jason Ginnetti obligates the company to indemnify Ginnetti in connection with a dogbite case now pending against him in state court, or should be rescinded because his insurance application incorrectly stated that he had no animals or exotic pets when in fact he had two large dogs. The company seeks summary judgment arguing that, under Connecticut law, it is entitled to rescind the policy for material misrepresentation. Ginnetti opposes the motion on several grounds. His main argument is that he did not knowingly make a misrepresentation because his application was filled out by an insurance broker, who knew he had two dogs, and he did not review it for accuracy before signing it. I conclude that Ginnetti's arguments are unavailing and that summary judgment must be granted.[1]

---

[1] Also pending are plaintiff's motion to amend the complaint [Doc. #17] and plaintiff's motion to amend the order regarding the case management plan [Doc. #16], extending the time for filing an amended complaint. Both motions are granted in the absence of objection for good cause shown.

FACTS[2]

Ginnetti applied for the homeowner's policy at issue through CPM Insurance Services, Inc. ("CPM"), which he used for all his insurance needs. An employee of CPM filled out the application form using information obtained from Ginnetti's housemate, Tricia Farace. The application form was then given to Ginnetti for his review and signature. The two-page form required him to answer the following question: "Does applicant or any tenant have any animals or exotic pets?" In response to this question, the CPM employee had checked an adjacent box stating that the answer was "No." At the time, Ginnetti owned two dogs, a German Shepard/Doberman Mix weighing 120 pounds, and a German Shepard weighing 80 pounds. Ginnetti signed the application attesting that he had read it and that the answers were true. In fact, he had not read the part of the form containing the foregoing question and answer. Plaintiff issued the policy in reliance on the representation that there were no animals or exotic pets.

Ginnetti has been sued in Connecticut Superior Court by a person who claims to have been bitten by one of his dogs. Plaintiff is defending Ginnetti in that action under a reservation of rights. It brings this action seeking a determination that the policy should be rescinded for material misrepresentation.

---

[2] The facts are drawn from uncontroverted assertions in plaintiff's Local Rule 56(a)(1) statements, see Local Rule 56(a), and from defendant's responses to requests for admissions and interrogatories.

2

DISCUSSION

To obtain summary judgment, plaintiff must establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see generally Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Only if reasonable minds could not differ is summary judgment proper. Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

In Connecticut, "[a]n insurer has a right to rescind for a material misrepresentation in an insurance application if it is not an innocent misrepresentation, but one `known by the insured to be false when made.' Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 692 (1991)." Paul Revere Life Ins. Co. v. Pastena, 52 Conn. App. 318, 323 (1999).

Defendant's "No" answer to the question concerning "animals or exotic pets" constitutes a misrepresentation. Defendant contends that a jury could find otherwise on the ground that "the question is vague and a reasonable reader of it could conclude that a `non-exotic pet' such as a dog was not the subject of the question." Def.'s Obj. to Mot. for Summ. J. at 23. I agree that the question would be more plainly all-encompassing if it asked only about "animals" or, alternatively, only about "pets." But it does not follow that a reasonable applicant could think that the question in its present form does not apply to dogs. "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity."  (quotations omitted)

3

Goldberg v. Hartford Fire Ins. Co., 269 Conn. 550, 559 (2004).

Defendant contends that if his "No" answer does constitute a misrepresentation, a jury could credit his testimony that he did not review the application for accuracy and thus find that the misrepresentation was not knowingly made. This argument is also unavailing.

Many insurance coverage disputes have cropped up in situations like this, in other words, as a result of a person's failure to read an insurance application containing material misrepresentations inserted by an agent. Some jurisdictions deny rescission if the insured gave truthful answers to the agent. See generally 6 Couch on Insurance §§ 85:57 (3d ed. 2004). Others allow the insurance company to rescind the policy, notwithstanding the insured's honesty, on the ground that a person has a duty to read an insurance application before signing it. See generally id. § 85:58.

The Second Circuit has determined that Connecticut is among the latter group. See Pinette v. Assur. Co. of Am., 52 F.3d 407, 409 (2d Cir. 1995). In Pinette, a case governed by Connecticut law, the Court held that an insurer was entitled to rescind a policy based on a material misrepresentation concerning loss history. The insureds alleged that the misrepresentation was innocent because they had not read the application before signing it. The Court stated that "[u]nder Connecticut law . . . a person may not claim that a misrepresentation is 'innocent' solely because the person failed to read the application before

signing it. The law requires that the insured shall not only, in good faith, answer all the interrogatories correctly, but shall use reasonable diligence to see that the answers are correctly written." (quotations omitted) Pinette, 52 F.3d at 410.

Pinette controls this case. Defendant offers no justification for his failure to read the application before signing it. He admits that he had an opportunity to read the two-page form in full, had no physical or mental conditions or disabilities, read part of the form, had no difficulty understanding it, added information to the form, and signed it. There is no allegation that he was induced to sign the application without reading it.

Defendant contends that plaintiff is not entitled to rescind the policy because CPM's employee was told about the two dogs before the application was completed. As just discussed, however, Connecticut law does not relieve an insured of responsibility for a misrepresentation inserted in an application by an agent in the absence of circumstances justifying the insured's failure to read the application before signing it. No such circumstances are presented here.[3]

Plaintiff has established that the misrepresentation at issue was material. It is undisputed that plaintiff relied on

---

[3] The record does not provide a basis for holding plaintiff responsible for CPM's acts and omissions under general principles of agency law. Plaintiff has submitted a second Local Rule 56(a)(1) statement, to which defendant has not responded, in which it states that CPM's authority to act on its behalf was limited to receiving applications and collecting premiums, and it is undisputed that CPM did this for numerous other companies.

the representation that defendant had no animals or exotic pets and would have refused to issue the policy had it known about his two dogs. See State Bank & Trust Co. v. Connecticut General Life Ins. Co., 109 Conn. 67, 71 (1929)(fact is material if it would influence parties in making contract; matters inquired about are conclusively deemed material). Defendant does not deny that the representation was material. Accordingly, plaintiff is entitled to rescission of the policy as a matter of law.

CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [Doc. #20] is hereby granted. The policy is rescinded. Plaintiff will return defendant's premium. The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 5th day of September 2004.

Robert N. Chatigny
United States District Judge